UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the April 14, 2007 "Blaze of Glory:" Pacquiao/Solis Event, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-1138 |
| (1) JEFF RIVIERA a/k/a JEFF CHARLES RIVIERA, Individually and d/b/a RIVIERA'S, and (2) BARBARA RIVIERA a/k/a BARBARA A. RIVIERA a/k/a BARBARA MIZE RIVIERA, Individually and d/b/a RIVIERA'S, | § § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Opposed Motion to Transfer Venue (Doc. No. 7). Upon consideration of the Motion, the responsive briefs, and the relevant authorities, the Court finds and concludes that Defendants' Motion should be granted.

**I.     BACKGROUND**

This case arises out of the alleged unauthorized receipt by Defendants at their business, Riviera's, of the closed circuit telecast of the April 14, 2007 "Blaze of Glory:" Manny Pacquiao v. Jorge Solis WBC International Super Featherweight Championship Fight Program, including undercard or preliminary bouts (collectively the "Fight"). Plaintiff sues Defendants under the Federal Communications Act, 47 U.S.C. §§ 553 and 605, alleging that the Defendants illegally intercepted the closed circuit broadcast to which Plaintiff held sub-licensing rights, and subsequently displayed the Fight to patrons

1

of their business. Defendants now move to transfer this case from the Houston Division of the Southern District of Texas to the McAllen Division of the same district.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a correctly filed case may be transferred to another proper venue "[f]or the convenience of parties and witnesses, in the interest of justice." Defendants, as the movants under section 1404(a), bear the burden of establishing the propriety of the transfer. *See In re: Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc). The movants must "show good cause." *Id.* (citing *Humble Oil & Ref. Co. v. Bell Marine Serv.*, 321 F.2d 53, 56 (5th Cir. 1963)). Good cause means that "a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.' Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315 (distinguishing the heavier burden under the *forum non conveniens* standard where the movant must show that the factors "substantially outweigh" the plaintiff's choice of venue).

The Fifth Circuit has adopted the private and public interest factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), a *forum non conveniens* case, in order to determine whether a section 1404(a) venue transfer is "for the convenience of parties and witnesses and in the interest of justice." *Humble Oil*, 321 F.2d at 56; *In re Volkswagen*, 545 F.3d at 314 n.9. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical

2

problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen*, 545 F.3d at 314 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

Although a plaintiff's initial choice of venue is entitled to deference, the degree of deference is higher when he has chosen his home venue. *Piper Aircraft*, 454 U.S. at 255-56. Conversely, when a plaintiff is not a resident of the chosen forum, or when the operative facts underlying the case did not occur in the chosen forum, a court gives less deference to a plaintiff's choice. *See In re Horseshoe Entm't.*, 337 F.3d 429, 434-35 (5th Cir. 2003); *Apparel Production Services Inc. v. Transportes De Carga Fema, S.A.*, 546 F. Supp. 2d 451, 453 (S.D. Tex. 2008); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 828 (S.D. Tex. 1993). Transfer is appropriate when a plaintiff chooses a forum other than his home forum and is unable to offer any specific reasons of convenience supporting his choice. *See Piper Aircraft,* 454 U.S at 249 (noting that even dismissal is appropriate in situations where plaintiff offers no reasons of convenience supporting his choice).

### III.     APPLICATION OF LEGAL STANDARD

In their Motion, Defendants argue that this case should be transferred to the McAllen Division, comprising Hidalgo and Starr counties in Texas, because the Defendants and key witnesses in this case reside in Hidalgo County, and because the alleged wrongdoing occurred in Weslaco, Texas in Hidalgo County. Further, Defendants note that Weslaco is over 300 miles away from Houston and that Defendants and

potential witness would incur significant travel time and expense travelling to Houston for this case. Finally, Defendants contend that they have no connection to Houston, nor did any of the alleged acts or occurrences take place in Houston. Plaintiff is a corporation with its offices in Campbell, California, and counsel for Plaintiff appears to maintain offices in Dallas, Texas. Plaintiff does not claim that any of the facts at issue occurred in Harris County. Neither party has identified specific witnesses possessing relevant information to this case. In the absence of evidence to the contrary, it appears that this case presents no connection whatsoever to Harris County, Texas.

As an initial matter, venue is proper in the McAllen Division of the Southern District of Texas. The Plaintiff does not dispute that this action could have been brought in the McAllen Division. Defendants' alleged display of the Fight occurred in Hidalgo County, which is located in the McAllen Division of Texas. Venue is therefore proper in the McAllen Division of the Southern District of Texas as a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391(a)(2).

Next, the Court must determine whether the transfer is for the convenience of parties and witnesses and in the interest of justice. The private factors listed above weigh heavily in favor of transferring this case, as difficulty in accessing sources of proof and the cost of attendance for witnesses likely to have relevant information would be far lower in Hidalgo County than in Harris County. Further, under Fed. R. Civ. P. 45(c)(3)(A)(ii), the Court lacks subpoena power for depositions of non-party witnesses who would have to travel more than one hundred miles, and, under Fed. R. Civ. P. 45(c)(3), any trial subpoenas for these witnesses would be subject to motions to quash.

4

The McAllen Division, in contrast, would enjoy absolute subpoena power for both depositions and trial for witnesses residing in Hidalgo County.

The public interest factors also weigh slightly in favor of transfer, as there are no potential conflict of law issues and both the Houston Division and the McAllen Division are equally capable of administering federal law. The local interest in this case is grounded in Hidalgo County, as opposed to Harris County, because at least some of the allegedly wrongful acts occurred in Hidalgo County (Doc. No. 1 at ¶ 14) and the Defendants resided there at the times relevant to the occurrences alleged in the Plaintiff's complaint (Doc. No. 10 at 4). The Court has not been presented with any relevant factual connection between this case and Harris County that would suggest a localized interest in Harris County.

Finally, under the facts presented, this Court does not afford Plaintiff's choice of venue the deference it would otherwise merit. Plaintiff did not file suit in its home forum, nor does the Plaintiff claim that the operative facts underlying the case occurred in Harris County. The Plaintiff's only specific reasons of convenience supporting its choice of forum are that it will be easier for Plaintiff's corporate representatives to travel from California to Houston, and for the Plaintiff's counsel to travel from Dallas to Houston since there are more frequent, shorter, and less expensive flights to Houston (Doc. No. 12 at 5). However, the Fifth Circuit has held that "'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue." *See In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). In addition, it is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis. *See State St. Capital Corp.*

5

*v. Dente*, 855 F. Supp. 192, 198 (S.D. Tex. 1994). Neither party has yet identified specific nonparty witnesses. However, because this case is local to Hidalgo County, potential nonparty witnesses likely reside in or around Westlaco, Texas. In contrast, the parties have not identified any witnesses who reside in Houston.

Because the transferee venue is clearly more convenient than the venue chosen by Plaintiff, this Court holds that Defendants' Motion to Transfer is granted.

## IV. CONCLUSION

Defendants' Motion to Transfer Venue (Doc. No. 7) is **GRANTED**. This case is hereby transferred to the McAllen Division of the United States District Court for the Southern District of Texas.

**IT IS SO ORDERED**.

**SIGNED** this 30th day of August, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE